**UNITED STATES of America,**
**Appellee,**

v.

**Luis DIAZ, Defendant–Appellant, Gregory Collazo, Victor Alvarez, Juan Diaz, Luis Cordero, Miguel Ramos, aka Mike, Pedro Oquendo, aka El Grande, Aureo Gonzalez, Carmelo Pacheco, aka Papa Pericho, Alberto Rodriguez, Robert Mercado, Michael Ward, aka Black Mike, Victoria Alverio, aka Victoria Mora, aka Evelyn, Defendants.***

No. 12–429–cr.

United States Court of Appeals,
Second Circuit.

April 19, 2013.

---

* The Clerk of the Court is directed to amend the caption to conform to the above.

Andrea L. Surratt, Brent S. Wible, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Luis Diaz, Otisville, NY, pro se.

PRESENT: WALKER, DENNY CHIN, Circuit Judges, JANE A. RESTANI, Judge.**

### SUMMARY ORDER

Defendant-appellant Luis Diaz, proceeding *pro se*, appeals from the district court's memorandum and order entered January 17, 2012, denying his motion to correct a clerical error in the judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rule 36 of the Federal Rules of Criminal Procedure provides that, after giving appropriate notice, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. We have described this rule as providing only "a limited avenue for correction of a judgment." *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir.1997). Rule 36 "does not authorize the court to amend the oral sentence itself or to modify the written judgment to effectuate an intention that the court did not express in its oral sentence." *Id.* (citing *United States v. Werber*, 51 F.3d 342, 343, 347 (2d Cir. 1995)). We review *de novo* a district court's decision on a Rule 36 motion. *See United States v. Burd*, 86 F.3d 285, 287 (2d Cir.1996).

Here, the written judgment accurately reflected the district court's oral pronouncement of Diaz's term of supervised release: the court never specified that the term of supervised release was linked to a particular count. Thus, the relief Diaz seeks—tying the period of supervised release to a specific count in the indictment—is not the sort of "clerical error" contemplated by Rule 36. *See Werber*, 51 F.3d at 347 ("Rule 36 authorizes a district judge, at any time, to amend the written judgment so that it conforms with the oral sentence pronounced by the court. What Rule 36 does not permit, however, is amendment of the oral sentence itself.").

Furthermore, the district court properly concluded that the judgment's description of the 18 U.S.C. § 924(c) convictions needed no correction. The "Nature of Offense" was described as "Possession of Firearm"; it was further identified by reference to a statute, by stating the date on which the offense had concluded, and by identifying particular counts of the indictment associated with the offense. As the judgment

** The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by        designation.

accurately reflected the offenses for which Diaz was convicted and sentenced, no clerical error is apparent. Accordingly, the district court did not err when it denied Diaz's motion to correct his judgment pursuant to Rule 36.[1]

We have considered Diaz's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the memorandum and order of the district court.

---

1. Indeed, the district court did make an error, but in Diaz's favor. Although Diaz was subject to a mandatory minimum term of supervised release of five years, *see* 21 U.S.C. § 841(b)(1)(A) (1990), the district court only imposed a four-year term.